*Thursday, December 31, 1998*

## MOTION DOCKET

**98–2360.   State v. Twyford.**
Jefferson App. No. 93J13.   This cause is pending before the court as an appeal from the Court of Appeals for Jefferson County.   Upon consideration of appellant's motion to dismiss case No. 95–2379, *State v. Raymond A. Twyford III,* an appeal from the court of appeals' judgment entered October 16, 1995,

IT IS ORDERED by the court that case No. 95–2379 be consolidated with this cause, an appeal from the court of appeals' judgment upon reopening entered September 25, 1998.

IT IS FURTHER ORDERED by the court that the briefs previously filed in case No. 95–2379 shall be deemed moot and shall not be considered further.

IT IS FURTHER ORDERED by the court that appellant shall file a merit brief in this cause, in accordance with S.Ct.Prac.R. VI, in which he addresses whatever propositions of law he intends to raise concerning his conviction and death sentence.

IT IS FURTHER ORDERED by the court that appellant's brief shall be due within forty days of the date of this entry, and the parties shall otherwise proceed in accordance with S.Ct.Prac.R. VI.

*Monday, January 4, 1999*

## MERIT DOCKET

**98–2710.   State ex rel. Nicastro v. Stralka.**
In Prohibition.   This cause originated in this court on the filing of a complaint for a writ of prohibition and was considered in a manner prescribed by law.   Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed. DOUGLAS, Acting C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON, J., concurs because prohibition is an improper remedy.

COOK, J., dissents and would grant an alternative writ.

MOYER, C.J., not participating.

*Tuesday, January 5, 1999*

## DISCIPLINARY DOCKET

**98–1055.   In re Hartsel.**
On November 9, 1998, movant, Disciplinary Counsel, filed a motion for this court to issue an order requiring respondent, Norman Clyde Hartsel, to appear and show cause why respondent should not be held in contempt for failure to obey the court's June 18, 1998 order suspending him from the practice of law on an interim basis upon conviction of a felony.   Upon consideration thereof,

IT IS ORDERED by this court that the motion be, and is hereby granted to the extent that respondent show cause by filing a written response with the Clerk of this court on or before twenty days from the date of this order why he should not be found in contempt.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.